THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BRÍGIDO ORELLANO GÓMEZ, Defendant and Appellant.

No. CR-64-502.    Decided June 24, 1965.

*Julio Suárez Garriga* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was convicted of violation of § 4 of Act No. 220 of 1948, 33 L.P.R.A. § 1250, for having in his possession material related to the illegal game of bolita.

He assigns the following four errors: 1) erroneous weighing of the evidence; 2) that the court considered not admitted evidence to decide that the only witness for the prosecution could not be mistaken in the identification of the defendant; 3) in finding defendant guilty notwithstanding the fact that in deciding the case it made remarks which showed that there was reasonable doubt as to the undercover agent's

identification of defendant; 4) in interrupting the cross-examination of the witness for the prosecution when he began to admit that he had lied in a part (which appellant considered essential) of his testimony.

■ ■ We find no justification in the record to support the first error assigned. In support of his contention appellant alleges that the witness for the prosecution incurred in a series of contradictions, for which reason he believes that the witness' testimony should not have deserved the credit of the trier. The fact is that some of the isolated incidents to which appellant alludes do not constitute contradictions. But even assuming that they do, it is a well-settled rule that the fact in itself that there exist contradictions in a witness' testimony does not justify that his whole testimony be rejected, if the contradictions are not decisive and if the rest of the testimony is sufficient to establish the criminal transaction, to overcome the presumption of innocence and establish his guilt beyond a reasonable doubt. *People* v. *Álvarez*, per curiam decision of May 8, 1964; *People* v. *Méndez Feliciano*, 90 P.R.R. 439 (1964); *People* v. *Casiano*, 87 P.R.R. 467 (1963); *People* v. *Nazario*, 87 P.R.R. 122 (1963). Such would be the situation in the case at bar if we should consider that said witness incurred in the contradictions stated. In the absence of manifest error, passion, prejudice or partiality, we shall not disturb the weighing of the evidence by the trial court. *People* v. *Vélez Ruiz*, 89 P.R.R. 51 (1963); *People* v. *López Rodríguez*, 88 P.R.R. 459 (1963).

The second and third assignments of error which appellant discusses jointly are based upon certain remarks made by the trial judge at the time of rendering judgment. In support of his contention appellant cites the following fragment from the record:

Judge: Defendant, please rise. The court gives entire credit to the agent's testimony. Here, the most that could be done,

in the opinion of the court, is perhaps to invoke an error in identification, but it seems to me, that defendant, because of his physiognomical features, cannot possibly be mistaken for any other person. Those two scars on his forehead are not easily mistaken, colleague, for which reason the court find [*sic*] him guilty and convict him of violation of the law, § 4 of the Bolita Act, and orders him to serve one year in jail. . . ." (Tr. Ev. 82.)

■ The evidence offered by defendant intended to prove the defense of alibi. In his theory he never alleged that an error of identification had been committed. The undercover agent's testimony completely established the identity of defendant. (Tr. Ev. 4–5.) The words of the trial judge do not show that there existed any doubt in his mind as to the identity or the guilt of the defendant; they rather constitute a remark that in no way prejudiced appellant.

■ As to the fourth error assigned the record reveals that at a certain time during the extensive cross-examination to which the witness for the prosecution was submitted by the defense, the following incident occurred:

"Judge: I have to protect my health, and at 4:15 I have a conference with the doctor, an appointment with the doctor. If I had known I would not have called this case.

Defense: Then, Your Honor, have the witnesses for the defense summoned.

Judge: The other cases called for today are continued for tomorrow. (Recess.)"

It seems to us that the magistrate's interruption was justified, for the same reason he explained. Notice that the defense made no objection to the recess and after the trial was terminated the witness was not cross-examined again as to these points. Under no circumstances the question raised warrants reversal.

The errors assigned were not committed. The judgment appealed from in this case will be affirmed.